IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| LYNN E. TALLEY, D.O., | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Civil Action No. 17-926-CJB |
| | ) | |
| CHRISTIANA CARE HEALTH | ) | |
| SYSTEM; MATTHEW K. | ) | |
| HOFFMAN, M.D.; and KENNETH L. | ) | |
| SILVERSTEIN, M.D., | ) | |
| | ) | |
| Defendants. | ) | |

## MEMORANDUM ORDER

Presently before the Court in this case is Plaintiff Lynne E. Talley, D.O.'s ("Plaintiff") Motion for Reconsideration ("Motion"), filed pursuant to Rule 59(e) of the Federal Rules of Civil Procedure, with regard to the Court's February 19, 2019 Memorandum Opinion ("Memorandum Opinion") granting Defendants' Christiana Care Health System, Matthew K. Hoffman, M.D. ("Hoffman") and Kenneth L. Silverstein, M.D.'s ("Silverstein") (collectively, "Defendants") Motion to Dismiss Counts III and IV of the operative Second Amended Complaint ("motion to dismiss"). (D.I. 106) Defendant Hoffman opposes the Motion.[1] (D.I. 109) For the reasons set forth below, the Court DENIES Plaintiff's Motion.

### I. BACKGROUND AND PROCEDURAL HISTORY

1. On July 10, 2017, Plaintiff filed a Complaint against Defendants in this Court. (D.I. 1) The parties subsequently consented to the Court's jurisdiction to conduct all proceedings in the case. (D.I. 11)

---

[1] Plaintiff is not seeking reconsideration of the Memorandum Opinion to the extent that it ordered the dismissal of claims against Silverstein. (D.I. 106 at 2 n.1)

1

2. On November 2, 2018, Plaintiff filed her Second Amended Complaint ("SAC"), (D.I. 67), and on December 3, 2018, Defendants filed the motion to dismiss, (D.I. 70-71). On February 19, 2019, the Court issued its Memorandum Opinion, granting the motion to dismiss and ordering dismissal of Counts III and IV (the "tortious interference" claims) against Hoffman and Silverstein. (D.I. 100) In the Memorandum Opinion, the Court found that the tortious interference claims should be dismissed because they ran afoul of the bootstrapping doctrine set forth in Delaware law. (*Id.* at 10-12) In doing so, the Court disagreed with Plaintiff's assertion that she had alleged that Hoffman and Silverstein had violated an independent legal duty (other than that sounding in breach of contract) regarding these claims—i.e., that she had alleged that Hoffman had made "'misrepresentations to the OB/GYN Credentials [C]ommittee ["OB/GYN CC"] regarding [Plaintiff's] privileges[.]'" (*Id.* at 10) The Court ultimately found that: (1) the claims against Silverstein should be dismissed because these alleged misrepresentations had nothing to do with him; and (2) the claims against Hoffman should be dismissed because nowhere in the SAC did Plaintiff actually allege that Hoffman had ever misrepresented any facts to the OB/GYN CC. (*Id.* at 11) Plaintiff thereafter filed the instant Motion on March 5, 2019, (D.I. 106), and the Motion was fully briefed as of March 19, 2019, (D.I. 109).[2]

**II. DISCUSSION**

3. The purpose of a motion for reconsideration is to "correct manifest errors of law or fact or to present newly-discovered evidence." *Max's Seafood Café ex rel. Lou-Ann, Inc. v. Quinteros*, 176 F.3d 669, 677 (3d Cir. 1999) (internal quotation marks and citation omitted). Motions for reconsideration are the functional equivalent to motions to alter or amend judgments

---

[2] Hoffman filed an answering brief on March 19, 2019, and Plaintiff chose not to file a reply brief thereafter.

2

under Rule 59(e). Fed. R. Civ. P. 59(e); *see also Dupree v. Corr. Med. Servs.*, Civ. No. 10-351-LPS, 2015 WL 7194438, at *1 (D. Del. Nov. 16, 2015). The moving party has a high burden to meet in order to demonstrate that a motion for reconsideration should be granted. *Folks v. Danberg*, Civ. Action No. 09-103-GMS, 2012 WL 37228, at *1 (D. Del. Jan. 6, 2012). That party must show that one of the following circumstances is at play: (1) there has been an intervening change in the controlling law; (2) new evidence is now available that was not available when the court granted the motion at issue; and/or (3) there is a need to correct a clear error of law or fact or to prevent manifest injustice. *Max's Seafood Café*, 176 F.3d at 677; *Folks*, 2012 WL 37228 at *1. Although one of these circumstances may be implicated, there is no need to grant a motion for reconsideration if, even were the Court to consider the new information at issue, doing so would not alter the court's initial decision. *Shahin v. PNC Bank, N.A.*, C.A. No. 13-1404-LPS, 2015 WL 167180, at *1 (D. Del. Jan. 13, 2015); *Becton Dickinson & Co. v. Tyco Healthcare Grp. LP*, No. Civ.A. 02-1694 GMS, 2006 WL 890995, at *2 (D. Del. Mar. 31, 2006). A motion for reconsideration may not be used to argue that a court rethink a decision already made, nor may it be used to argue new facts or issues that were inexcusably not presented to the court in the matter previously decided. *Dupree*, 2015 WL 7194438, at *2; *Folks*, 2012 WL 37228 at *1. However, reconsideration may be appropriate where a court "has patently misunderstood a party, or has made a decision outside the adversarial issues presented to the court by the parties, or has made an error not of reasoning but of apprehension." *Dupree*, 2015 WL 7194438, at *2 (internal quotation marks, citation and brackets omitted); *see also Folks*, 2012 WL 37228 at *1.

4. Plaintiff argues that, since the filing of the SAC and the motion to dismiss, she has discovered new evidence that, had it been available at the time of the Court's decision on the

3

motion to dismiss, would have altered the outcome of that decision (i.e., the evidence would, were it referenced in the SAC, have demonstrated that Count III and IV's tortious interference claims were sufficiently pleaded against Hoffman). (D.I. 106 at ¶ 3)[3] Newly-discovered evidence is "that a party could not earlier submit to the court because that evidence was not previously available." *Blystone v. Horn*, 664 F.3d 397, 415-16 (3d Cir. 2011). Here, Plaintiff claims that this "new" evidence shows that Hoffman "modified the minutes from the April 5, 2016 OB/GYN Credentials Committee meeting" to: (a) change the OB/GYN CC's decision from one that deferred recommendation on whether to renew Plaintiff's staff privileges to one in which the OB/GYN CC was recommending that Plaintiff receive a four-month conditional renewal of her privileges; and (b) add a requirement that Plaintiff have "no further 'at risk' events" during that four-month period (a requirement that "was not approved by" the OB/GYN CC). (D.I. 106 at ¶¶ 7-8; *see also* D.I. 67 at ¶¶ 77-80) Plaintiff asserts that this "misleading information" was then presented to the Medical Dental Staff Credentials Committee at a meeting on April 20, 2016, and was relied upon by that committee and others thereafter in voting to renew Plaintiff's privileges. (D.I. 106 at ¶ 8)[4] Plaintiff's Motion fails for at least three reasons.

---

[3] Although Plaintiff occasionally states in her Motion that the Court "has misunderstood" the allegations in the SAC, (*see, e.g.*, D.I. 106 at ¶ 11), she never explains how the Court did so, other than by making reference to the purportedly newly-available evidence discussed above. The Court thus understands the entirety of Plaintiff's argument to be that it is this newly-discovered evidence that is what justifies grant of the Motion.

[4] The Court notes that this articulation of how Hoffman made an actionable misrepresentation is different from what Plaintiff asserted when contesting the motion to dismiss. There, Plaintiff had argued that Hoffman made a misrepresentation *to the OB/GYN CC*. (D.I. 100 at 10) Now, Plaintiff appears to be asserting that Hoffman made misrepresentations not to that committee, but to the *Medical Dental Staff Credentials Committee*. (D.I. 106 at ¶ 8)

4

5. First, the Motion fails because nowhere in it does Plaintiff clearly and specifically identify what is the "new evidence" at issue, nor does Plaintiff clearly and specifically explain why it is that this evidence was not available when the Court granted the motion to dismiss.

6. Second, even if the Court assumes that the new evidence that Plaintiff is referring to is the draft meeting minutes from the April 5, 2016 meeting of the OB/GYN CC, (*id.* (Plaintiff referring to the fact that "[o]n April 6, 2016, an email was sent from Veronica Morgan to Dr. Hoffman, attaching the draft of the meeting minutes for the April 5th meeting."); *see also* D.I. 109 at ¶ 23 (Defendant Hoffman assuming that "the 'new' evidence" that Plaintiff is referring to is the "minutes of the April 5, 2016 OB/GYN Credentials Committee meeting")), those minutes do not qualify as newly-discovered evidence. Defendant Hoffman explains that the minutes at issue were produced to Plaintiff on September 13, 2018, months before the filing of the SAC, (*id.* at ¶ 25), and Plaintiff has not contested that representation. And indeed, in another portion of her Motion, Plaintiff seems to concede that she *did* have possession of the information that she now calls "new" evidence at the time of the Court's decision on the motion to dismiss. (D.I. 106 at ¶ 9) There, Plaintiff acknowledges that while she "had information and belief of Defendant Hoffman's misrepresentations" as of the time of the SAC's filing, she did not put forward the argument she now makes in her Motion because she "was not able to review all of the documents and meta-data" that Defendants had produced, and she "did not want to provide Defendants with a specific road map as to her work-product strategy of prosecuting the case prior to taking depositions." (*Id.*); *see also Brokenbrough v. Capitol Cleaners & Launderers Inc.*, Civil Action No. 13-692-CJB, 2016 WL 125436, at *3 (D. Del. Jan. 8, 2016) (noting that "newly presented 'facts' that were available at the time of the original order, but were not then made of record . . .

5

cannot support the grant of a motion for reconsideration") (citing *Harsco Corp. v. Zlotnicki*, 779 F.2d 906, 909 (3d Cir. 1985)).

7. Third, these meeting minutes, even if they were considered, would not have altered the outcome of the Court's decision on the motion to dismiss. *See Shahin*, 2015 WL 167180, at *1. This is because no portion of Plaintiff's Counts III and IV of the SAC—the tortious interference counts at issue here—even make reference to (or hint at) the idea that those claims were meant to relate to misrepresentations that Hoffman made to the Medical Dental Credentials Committee or to alterations in the OB/GYN's recommendations to that committee. (D.I. 67 at ¶¶ 131-77) The content of Counts III and IV are all about facts, acts and wrongs *other than* these above-referenced misrepresentations of Hoffman. In other words, the evidence at issue could not have helped Plaintiff, because it relates to claims she simply was not making and had not pleaded in Counts III and IV.

### III. CONCLUSION

8. For the foregoing reasons, the Court ORDERS that Plaintiff's Motion is DENIED.

Dated: June 25, 2019

*Christopher J. Burke*
Christopher J. Burke
UNITED STATES MAGISTRATE JUDGE